# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES M. FLYNN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 07-CV-2078 KHV/JPO |
| WELLS FARGO HOME MORTGAGE, INC., | ) ) ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant Wells Fargo Home Mortgage, Inc., a division of Wells Fargo Bank, N.A. ("Wells Fargo") in the above-captioned action appears for the purpose of removing to the United States District Court for the District of Kansas the action styled *Plaintiff James M. Flynn, an individual, on behalf of himself and individuals similarly situated, v. Wells Fargo Home Mortgage, Inc., a California Corporation,* Case No. 06CV9568, currently pending in the District Court of Johnson County, Kansas. As grounds for the removal, Wells Fargo states as follows:

1. Plaintiff James M. Flynn ("Plaintiff") commenced the above-captioned action in the District Court of Johnson County, Kansas on December 7, 2006, by filing his Petition in the cause styled *Plaintiff James M. Flynn, an individual, on behalf of himself and individuals similarly situated, v. Wells Fargo Home Mortgage, Inc., a California Corporation,* Case No. 06CV9568, against Wells Fargo.

2. On February 2, 2007, a Summons and Petition were served on Wells Fargo. The Summons, Service Instruction Form and Petition constitute all process,

4678816.1

pleadings and orders served in the state action, and no further proceedings have taken place in the state court action pending in the District Court of Johnson County, Kansas. A copy of the court file is attached as Exhibit 1.  A copy of the Summons, which was served on Wells Fargo, but is not contained in the Court file, is attached as Exhibit 2.

3. In the above-captioned action pending in the District Court of Johnson County, Kansas, Plaintiff alleges discrimination based on disability.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 because Plaintiff asserted a cause of action arising under federal law, *e.g.*, the Americans With Disabilities Act, 42 U.S.C. §§ 12101-12213.  Under 28 U.S.C. §§ 1441 and 1446, this case may be properly removed to this Court at any time within thirty (30) days of Defendant being served with the Petition and Summons.

5. In addition, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff is a Kansas resident and Defendant, a division of Wells Fargo Bank, N.A., has its principal place of business in California and is not incorporated in Kansas.  In addition, Plaintiff has requested lost wages, punitive damages, attorneys fees and costs, which would exceed the $75,000 amount in controversy required for diversity jurisdiction.

6. Promptly upon filing this Notice of Removal, Defendant shall give notice in writing thereof to Plaintiff and shall file a copy of this Notice of Removal with the clerk of the District Court of Johnson County, Kansas.

WHEREFORE, Defendant Wells Fargo Home Mortgage, Inc. prays that this Court assume control over this action as this action is properly removed.

Defendant designates Kansas City, Kansas as place of trial.

4678816.1

                    Respectfully submitted,

s/ G. Nicole Hininger
Donald S. Prophete    No. 77936
G. Nicole Hininger    No. 77994
OGLETREE, DEAKINS NASH,
    SMOAK & STEWART, P.C.
4717 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 471-1301
(816) 471-1303 (*Facsimile*)

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 22nd day of February, 2007, a copy of the foregoing, *Notice of Removal*, was served by First Class Mail to the following:

Timothy F. Marks
The Marks Law Office, L.L.C.
4800 Rainbow Blvd., Suite 200
Westwood, KS 66205-2800

ATTORNEYS FOR PLAINTIFF

                    s/G. Nicole Hininger
                    Attorney for Defendant

# EXHIBIT 1

IN THE DISTRICT COURT OF JOHNSON COUNTY,
STATE OF KANSAS
CIVIL COURT DEPARTMENT

| | |
|---|---|
| Plaintiff James M. Flynn, <br><br> an individual, on behalf of himself <br> and individuals similarly situated <br><br> v. <br><br> Wells Fargo Home Mortgage, Inc., <br> a California corporation, <br> Defendant <br><br> Serve: <br> Corporate Service Company <br> 200 SW 30th Street <br> Topeka, KS 66611 | Case No. 06 CV 9568 <br><br> DIV. 8 |

**PETITION**

1. In this case of Disability Discrimination, the above-named plaintiff James Flynn, a former employee of Defendant Wells Fargo Home Mortgage, Inc. ("Wells Fargo") brings this action on behalf of himself and other employees of the defendant similarly situated, for wrongful and discriminatory termination and violation of the Kansas Act Against Discrimination, K.S.A. §44-1001 et seq., and the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, and seeks to recover lost wages, punitive damages, and attorneys' fees and costs.

2. Jurisdiction of this action is conferred on this Court by K.S.A. 60-308(b), Rule 308(b) of the Kansas Rules of Civil Procedure.

3. The Plaintiff, James "Jay" Flynn is and was a resident of the County of Johnson, State of Kansas, during the time frame in which his causes of action arose, and

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS
2006 DEC -7 PM 2: 01

therefore, venue properly lies in this judicial district.

4. Defendant Wells Fargo Home Mortgage, Inc. ("Wells Fargo") is a California corporation organized and existing under the laws of the State of California and is doing business within the State of Kansas, within the territorial jurisdiction of this Court, and employed the Plaintiff and others similarly situated within Johnson County, Kansas.

5. At all times hereinafter mentioned, Defendant Wells Fargo was engaged in the operation of a mortgage company doing business at 7127 West 110th Street in Overland Park, Kansas.

6. The plaintiff and similarly situated employees were employees of the Defendant.

7. Plaintiff Jay Flynn worked for the Defendant Wells Fargo for approximately five years before Wells Fargo fired him without warning.

## Count I: Violation of Kansas Act against Discrimination

8. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth below.

9. Plaintiff Jay Flynn was employed by Defendant in the position of Mortgage Consultant, beginning on or about February 18, 2000.

10. Plaintiff performed his job well or in at least a satisfactory manner from his start date until at least November 1, 2004.

11. Over the course of his employment at Wells Fargo, Mr. Flynn was in the top 25 percent of the Mortgage Consultants in the Overland Park Office in terms of production and revenue for Wells Fargo.

12. Plaintiff on at least one occasion stopped drinking alcohol between 2000 and 2004

inclusive.

13. Defendant, and particularly Plaintiff's supervisor or "Team Manager" John Amrein, knew that Plaintiff had stopped drinking alcohol for a period of time.

14. John Amrein suspected that the Plaintiff may have had an addiction to alcohol, and perceived him to be suffering from alcoholism.

15. Defendant suspected that the Plaintiff may have had an addiction to alcohol, and perceived him to be suffering from alcoholism.

16. On or about November 23, 2004, Plaintiff entered an alcohol and drug treatment facility, and remained there until approximately December 11, 2004.

17. Prior to entering the treatment facility, Mr. Flynn told Mr. Amrein that he would be gone for about a month, and that Mr. Amrein, if he wanted to, could tell other people at Wells Fargo that Mr. Flynn's absence was related to a back injury.

18. Mr. Amrein understood this to mean that the absence was not, in fact, related to a back injury.

19. In November or December 2004, John Amrein asked an employee of Wells Fargo, Ms. Keri Dorian, "Is Jay drinking again?" or words to that effect.

20. This comment from Mr. Amrein to Ms. Dorian could be interpreted to indicate a belief that Mr. Flynn was an alcoholic.

21. Mr. Flynn performed his job well after returning to work in December 2004.

22. On or about February 2, 2005, Wells Fargo terminated the Plaintiff Mr. Flynn.

23. Wells Fargo terminated Mr. Flynn without warning him that his job was in jeopardy at any time in at least six months prior to the termination.

3

24. Mr. Amrein was one of the individuals who made the decision – or helped make the decision – to terminate Mr. Flynn's employment.

25. Wells Fargo claims that it terminated Mr. Flynn because he failed to meet a quota called a Minimum Production Requirement.

26. This quota, on its face, requires Mortgage Consultants to fund or close three purchase loans per month.

27. Wells Fargo's policy is to terminate a Mortgage Consultant who is subject to the quota if he or she has not closed an average of three loans per month in any three-month period of time.

28. Wells Fargo claims that it terminated Mr. Flynn because he did not meet the sales quota for the three months immediately prior to his termination.

29. In previous time periods, Mr. Flynn did not always meet this quota, but was not terminated for not meeting the quota.

30. In previous time periods, Mr. Flynn did not always meet this quota, but was not even reprimanded or warned as a result.

31. In previous time periods, other employees who were subject to the quota policy did not meet this quota, but were not terminated for not meeting the quota.

32. In previous time periods, other employees who were subject to the quota policy did not meet this quota, and were given warnings, including placement on 90-day Performance Improvement Plans.

33. Mr. Flynn was never placed on any Performance Improvement Plan.

34. Mr. Flynn was treated differently from other Mortgage Consultants because he had a

disability or was perceived as having a disability.

35. Defendant's actions, as noted above, were discriminatory and constituted a disparity in treatment toward the plaintiff Mr. Flynn based on a disability or perceived disability, and violated the Kansas Act Against Discrimination.

36. At the time the Defendant terminated Mr. Flynn's employment, Defendant knew that its actions were unlawful and in violation of state and federal law, specifically the Kansas Act Against Discrimination and the Americans with Disabilities Act.

37. Plaintiff was damaged by the Defendant's actions.

38. After his termination, Mr. Flynn filed a Complaint with the Equal Employment Opportunity Commission and the Kansas Human Rights Commission. See Exhibit A.

39. Mr. Flynn duly exhausted his administrative remedies.

### Count II: Violation of the Americans with Disabilities Act

40. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth below.

41. Defendant's actions, as noted above, were discriminatory and constituted a disparity in treatment toward the plaintiff Mr. Flynn based on a disability or perceived disability, and violated the Americans with Discrimination Act.

42. At the time the Defendant terminated Mr. Flynn's employment, Defendant knew that its actions were unlawful and in violation of state and federal law, specifically the Kansas Act Against Discrimination and the Americans with Disabilities Act.

43. Plaintiff was damaged by the Defendant's actions.

WHEREFORE, Plaintiff prays that judgment be entered herein against the defendant in

5

the amount due Plaintiff and other employees of defendant similarly situated actual damages, punitive damages, attorneys' fees, costs and interest, and such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*/s/ Timothy F. Marks*

Timothy F. Marks, KS Bar No. 18915
The Marks Law Office, L.L.C.
4800 Rainbow Blvd., Suite 200
Westwood, KS 66205-1933
Phone (913) 831-2800
Fax (913) 362-5116
tmarks@markslegal.com

ATTORNEY FOR PLAINTIFF

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

# STATE OF KANSAS
# KANSAS HUMAN RIGHTS COMMISSION

DOCKET NO. 29377-06

On the complaint of

James M. Flynn

Complainant,

vs.

Respondent,

Wells Fargo Home Mortgage and its Representatives

I, James M. Flynn residing at 6601 W. 129th Place, #205, Leawood, KS 66209

charge Wells Fargo Home Mortgage and its Representatives whose address is 7127 W. 110th Street, Overland Park, KS 66201

With an unlawful practice within the meaning of:

[X] The Kansas Act Against Discrimination (Chapter 44, Art. 10, K.S.A.) and specifically within the meaning of subsection (a)(1) of Section 44-1009 of said Act, because of my RACE (), RELIGION (), COLOR (), SEX (), NATIONAL ORIGIN (), ANCESTRY (), DISABILITY (X), RETALIATION (), FAMILIAL STATUS ().

[ ] The Kansas Age Discrimination in Employment Act (Chapter 44, Art. 11, K.S.A.) and specifically within the meaning of subsection of Section of said Act, because of my AGE.

Alleged Date of Incident, on or about February 2, 2005.

The aforesaid charges are based on the following facts:

I. I was perceived to be disabled.

II. I was employed by the Respondent from February 18, 2000, to February 2, 2005. I last held the position of Home Mortgage Consultant.

  A. On February 2, 2005, I was terminated after the Respondent became aware that I had entered an alcohol and drug treatment facility.


EXHIBIT A

# STATE OF KANSAS
# KANSAS HUMAN RIGHTS COMMISSION

(continued) Docket No. 29377-06

III. I hereby charge Wells Fargo Home Mortgage and its Representatives with a violation of the Kansas Act Against Discrimination, in that I was terminated due to a perceived disability.

I have not commenced any action, civil or criminal, based upon the grievance set forth above, except

STATE OF KANSAS )
COUNTY OF Shawnee )ss:

X _____
(Signature of Complainant)

James M. Flynn, being duly sworn, deposes and says that: that she/he is the Complainant herein; that she/he has read the foregoing complaint and knows the contents thereof; that the same is true of her/his own knowledge except as to the matters therein stated on information and belief; that as to those matters she/he believes the same to be true.

Subscribed and sworn to before me

this 1 day of August, 2005

X _____
(Signature of Complainant)

_____
(Signature of Notary Public)

MY COMMISSION EXPIRES:

HOLLY M. KING
NOTARY PUBLIC
STATE OF KANSAS
My Appt. Exp. 10/27/08

RECEIVED
AUG 1 2005
KANSAS HUMAN RIGHTS COMMISSION

EEOC Form 161 (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: James M. Flynn
6601 West 129th Place, #205
Leawood, KS   66209

From: St Louis District Office - 560
Robert A. Young Bldg
1222 Spruce Street
Saint Louis, MO 63103

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 28D-2005-00718 | Joseph J. Wilson, Investigator | (314) 539-7816 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

*Joseph Wilson* (signature)
James R. Neely, Jr.,
Director

SEP 0 5 2006
(Date Mailed)

cc: Melissa Saenz
Corporate Employee Relations
AA/EEO Compliance Department
Wells Fargo Home Mortgage
MAC A0149-043
633 Folsom Street, 4th Floor
San Francisco, California   94107

IN THE DISTRICT COURT OF JOHNSON COUNTY,
STATE OF KANSAS
CIVIL COURT DEPARTMENT

| | |
|---|---|
| Plaintiff James M. Flynn, ) | |
| ) | |
| an individual, on behalf of himself ) | |
| and individuals similarly situated ) | |
| ) | |
| v. ) | Case No. 06 CV 9568 |
| ) | |
| Wells Fargo Home Mortgage, Inc., ) | |
| a California corporation, ) | |
| Defendant ) | |
| ) | |
| Serve: ) | |
| Corporate Service Company ) | |
| 200 SW 30th Street ) | |
| Topeka, KS 66611 ) | |
| ) | |

## SERVICE INSTRUCTION FORM

To: Clerk of the District Court for the issuance of a Summons and Petition.

You are hereby instructed to effect service among the litigant(s), as follows:

\_\_\_\_\_ a. Service through the office of the sheriff other than by certified mail.

\_\_\_\_\_ b. Service by a process server authorized or appointed by the provisions of K.S.A. 60-303.

__X__ c. Return receipt delivery service by the undersigned litigant/attorney, who understands that the responsibility for obtaining service and effecting its return shall be on the attorney/litigant. The receipt for service (e.g., in the case of certified mail, the green card) must be filed with the clerk's office before service can be perfected.

\_\_\_\_\_ d. Certified mail service by the office of the sheriff. The undersigned understands that the responsibility for obtaining service and effecting its return shall be on the sheriff.

S/S issued to attorney

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS
2007 FEB -1 PM 4:05

SCAN DATE 2007/02/06 12:56

Respectfully Submitted,

*Timothy F. Marks* (signature)

Timothy F. Marks, KS Bar No. 18915
The Marks Law Office, L.L.C.
4800 Rainbow Blvd., Suite 200
Westwood, KS 66205-1933
Phone (913) 831-2800
Fax (913) 362-5116

# EXHIBIT 2

IN THE DISTRICT COURT OF JOHNSON COUNTY,
STATE OF KANSAS
CIVIL COURT DEPARTMENT

| | |
|---|---|
| Plaintiff James M. Flynn, )<br>)<br>an individual, on behalf of himself )<br>and individuals similarly situated )<br>)<br>v. )<br>)<br>Wells Fargo Home Mortgage, Inc., )<br>a California corporation, )<br>Defendant )<br>   Serve: )<br>   Corporate Service Company )<br>   200 SW 30th Street )<br>   Topeka, KS 66611 ) | Case No. 06CV 9568<br><br>K.S.A. Chapter 60 |

## SUMMONS

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer to the petition with the court and to serve a copy upon the Plaintiff's attorney as follows:

Name:    **Timothy F. Marks**
Address:  **4800 Rainbow Boulevard, Suite 200**
            **Westwood, KS 66205**

within 20 days after service of summons upon you.

If you fail to do so, default judgment will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claims which you may have against the plaintiff must be stated in a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.

(Seal)                              Clerk of The District Court

Dated: 2/1/07          By: _Kathy Martin_
                                             (Deputy)