IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JAMES M. FLYNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-2078-KHV |
| | ) | |
| WELLS FARGO HOME MORTGAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**SECOND AMENDED SCHEDULING ORDER**

This is an employment discrimination case in which a tentative settlement by the parties fell through during the documentation process. On October 23, 2007, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a motion hearing, as well as a status conference pursuant to Fed. R. Civ. P. 16(a). The plaintiff, James M. Flynn, appeared through counsel, Timothy F. Marks. The defendant, Wells Fargo Home Mortgage, Inc., appeared through counsel, Donald S. Prophete.

The court will first address plaintiff's amended motion to quash deposition subpoenas defendant served upon Lawrence Smith and Troy Bender (two UMB Bank employees), and Keri Dorian (a former co-worker of plaintiff) (**doc. 49**). Highly summarized, plaintiff contends the subpoenas were issued not to gather evidence but rather harass and intimidate plaintiff. Defendant disputes plaintiff's contention and argues that in any event plaintiff does not have standing to challenge the subpoenas.

The applicable standard is as follows:

> Generally speaking, a party to a lawsuit does not have standing to quash a subpoena duces tecum served on a third party. *Flint Hills Scientific, LLC v. Davidchack*, No. 00-2334-KHV, 2001 WL 1717902, at \*3 (D. Kan. Nov. 9, 2001); *Johnson v. Gmeinder*, 191 F.R.D. 638, 639-40 n. 2 (D. Kan. 2000). Thus, a motion to quash a subpoena may only be made by the party to whom the subpoena is directed. *Id.* An exception is made where the party seeking to challenge the subpoena has 'a personal right or privilege with respect to the subject matter requested in the subpoena.' *Flint Hills*, 2001 WL 1717902 at \*3; *Johnson*, 191 F.R.D. at 639-40 n. 2.[1]

None of the witnesses evidently have challenged the subpoenas. For plaintiff to successfully challenge the subpoenas, he must show they (1) require disclosure of privileged or other protected matter and no exception or waiver applies, *or* (2) subject plaintiff to undue burden.[2] Plaintiff has shown neither.

Plaintiff further argues the subpoenas in question were issued outside the jurisdiction of this court. However, defendant has stated it is willing to re-serve the subpoenas so the issuing court is the Western District of Missouri. Since the subpoenas need to be re-issued for a future date after this ruling, as a practical matter, plaintiff's technical argument is moot. As the court is wholly unpersuaded by the record presented that defendant is trying to harass and intimidate plaintiff, the motion to quash is denied.

During the hearing, counsel agreed plaintiff's deposition would be completed on November 7, 2007. Further, it was agreed the subpoena for Ms. Dorian would be re-issued

---

[1] *QC Holdings, Inc. v. Diedrich*, No. 01-2338, 2002 WL 324281, at \*1 (D. Kan. Feb. 21, 2002).

[2] *Id.* (citing Fed. R. Civ. P. 45(c)(3)(A)(iii) & (iv)).

for testimony November 8, 2007, as she has confirmed her availability on that date; provided that Messrs. Smith and Bender are available, it was agreed by counsel that those witnesses also will be deposed on November 8, 2007.

Next, the court addresses defendant's motion for leave to file an amended answer to assert the defense of after-acquired evidence (**doc. 52**).  The court hereby grants this motion, for the reasons stated below.  The amended answer shall be filed by **October 26, 2007**.

The original scheduling order entered on April 4, 2007 (doc. 7) established April 16, 2007, as the deadline for the parties to file motion to join additional parties or otherwise amend the pleadings.  In June 2007, during discovery, defendant became aware of the facts giving rise to the defense of after-acquired evidence.  On June 27, 2007, during plaintiff's deposition, the parties postponed further questioning pending settlement negotiations.  Later, the settlement discussions broke down and, no longer believing that alternative dispute resolution would be successful, defendant filed the instant motion for leave to amend its answer to assert the new defense.

Fed. R. Civ. P. 15(a) provides that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Leave to amend is a matter committed to the sound discretion of the district court.[3]  Absent flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor in deciding a motion to

---

[3] *First City Bank. N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987).

amend.[4]

The court finds, given the procedural background of this case, the proposed amendment is not untimely. Moreover, there is nothing in the record even remotely approaching flagrant abuse, bad faith, or futility. And, most importantly, since *both* parties agree the pretrial deadlines in this case need to be extended a bit in any event, the court finds plaintiff will not be unduly prejudiced by the filing of the amended answer, i.e., the court will allow plaintiff a reasonable opportunity to test the veracity of this new defense through discovery.

Finally, the court dealt with scheduling issues presented because the parties' tentative settlement has not been able to be consummated. After consultation with counsel, and with the approval of the presiding U.S. District Judge, the Hon. Kathryn H. Vratil, the September 17, 2007 first amended scheduling order (doc. 46) is hereby amended as follows:

a.      All deposition discovery shall be commenced or served in time to be completed by **November 30, 2007**. Subject to agreement of the parties, or further order of the court, these depositions shall be limited to the four mentioned above, plus two other depositions to be taken by plaintiff, i.e., a deposition pursuant to Fed. R. Civ. P. 30(b)(6) focused on the after-acquired evidence defense, and the deposition of John Amrein, a former employee of defendant who directly supervised plaintiff. As it was very unclear during the hearing whether plaintiff actually served defendant with any "written" discovery so as to comply

---

[4]  *Rubio v. Turner Unified School Dist. No. 202*, 453 F. Supp.2d 1295, 1307 (D. Kan. 2006)(citing *Lange v. Cigna Individual Fin. Servs. Co.*, 759 F. Supp. 764, 769 (D. Kan. 1991)).

with the deadline for same in the court's original scheduling order (doc 7), the court is not presently extending discovery of this type.

      b.      The final pretrial conference is scheduled for **December 18, 2007, at 9:00 a.m.**, in the U.S. Courthouse, Room 236, 500 State Avenue, Kansas City, Kansas.  Unless otherwise notified, the undersigned magistrate judge will conduct the conference. No later than **December 7, 2007**, defendant shall submit the parties' proposed pretrial order (formatted in WordPerfect 9.0, or earlier version) as an attachment to an e-mail directed to *ksd_ohara_chambers@ksd.uscourts.gov*.  It shall be in the form available on the court's website (*www.ksd.uscourts.gov*), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C)(2)(a) & (b) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

      c.      All dispositive motions shall be filed no later than **January 25, 2008**.

      d.      The status conference with Judge Vratil is rescheduled from February 4, 2008 to **June 2, 2008, at 1:30 p.m.**

      e.      The trial setting in this case is moved from the March 4, 2008 docket to the trial calendar that will begin on **July 8, 2008, at 9:30 a.m.**

All other provisions of the original scheduling order (doc. 7) shall remain in effect. The schedule adopted in this second amended scheduling order shall not be modified except

by leave of court upon a showing of good cause.[5]

IT IS SO ORDERED.

Dated this 24th day of October, 2007, at Kansas City, Kansas.


 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[5] During the status conference, defense counsel specifically inquired whether plaintiff's counsel might soon seek to withdraw, as supposedly certain statements to this effect had been made in the past.  Plaintiff's counsel gave his assurances that no such motion was anticipated.  In any event, in an abundance of caution, the court hereby orders plaintiff's counsel to promptly provide his client a copy of this order, and advise the client that a withdrawal or change of counsel probably would not be considered a valid basis to modify (i.e., extend) any of the deadlines in this order.